******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LPP MORTGAGE LTD. *v.* UNDERWOOD TOWERS LIMITED PARTNERSHIP ET AL.
## (SC 21236)

Mullins, C. J., and McDonald, D'Auria,
Ecker, Dannehy and Bright, Js.

*Syllabus*

The substitute plaintiff, L Co., sought to foreclose a mortgage on certain commercial property leased by the named defendant, U Co., from the defendant city of Hartford. In a prior appeal before the Appellate Court from the judgment of strict foreclosure rendered in favor of L Co., the city claimed that *New England Savings Bank* v. *Bedford Realty Corp.* (238 Conn. 745), on which the trial court relied in determining that L Co. had standing to pursue foreclosure, was overruled sub silentio in subsequent decisions by this court. The Appellate Court rejected the city's claim, affirmed the judgment of strict foreclosure, and remanded the case for the setting of new law days. On remand, the city filed a motion for determination of priorities in which it proposed a list of law days to reflect its earlier claim that L Co. lacked standing to pursue foreclosure. The trial court denied that motion, and the city appealed, challenging, inter alia, the denial of that motion. On appeal before this court, the city argued, inter alia, that the doctrine of res judicata did not bar it from relitigating its claim regarding L Co.'s standing on the ground that this court's decision in *Bank of New York Mellon* v. *Tope* (345 Conn. 662), which was released after the Appellate Court resolved the city's appeal in favor of L Co., changed the law governing L Co.'s standing in the present case. *Held*:

This court concluded that the doctrine of res judicata barred the city from relitigating its claim regarding L Co.'s standing.

In so concluding, this court was guided by its decision in the companion case of *LPP Mortgage Ltd.* v. *Underwood Towers Ltd. Partnership* (355 Conn. 316), in which the court determined that its decision in *Tope* did not change the law governing the issue of L Co.'s standing.

Argued May 13—officially released August 11, 2026

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant city of Hartford in which the named defendant held a leasehold interest, and for other relief, brought to the Superior Court in the judicial district of Hartford and transferred to the Complex Litigation Docket; thereafter, LPP Mortgage, Inc., was substituted as the plaintiff; subsequently, the case was tried to the court, *Schuman*, *J.*; judgment of strict

foreclosure, from which the defendant city of Hartford appealed to the Appellate Court, *Cradle*, *Alexander* and *Lavine*, *Js.*, which affirmed the trial court's judgment and remanded the case for the purpose of setting new law days; thereafter, on remand, the court, *Farley*, *J.*, granted the substitute plaintiff's motion to open; subsequently, the court, *Farley*, *J.*, denied the motions to dismiss filed by the named defendant et al. and denied the motion filed by the defendant city of Harford for determination of priorities; thereafter, the court, *Farley*, *J.*, rendered judgment of strict foreclosure, from which the defendant city of Hartford appealed. *Affirmed.*

*David R. Roth*, with whom were *Shana Hurley* and, on the brief, *David S. Hoopes*, *Jay R. Lawlor* and *Stephen T. Price*, for the appellant (defendant city of Hartford).

*Michael S. Taylor*, with whom were *Brendon P. Levesque* and, on the brief, *Nicholas P. Vegliante*, *J. David Folds*, pro hac vice, and *John G. McJunkin*, pro hac vice, for the appellee (substitute plaintiff).

*Opinion*

MULLINS, C. J. This is the companion case to *LPP Mortgage Ltd.* v. *Underwood Towers Ltd. Partnership*, 355 Conn. 316,  A.3d  (2026), which we also decide today. In this commercial foreclosure action, the defendant city of Hartford[1] appeals from the trial court's judgment of strict foreclosure rendered in favor of the substitute plaintiff, LPP Mortgage, Inc.[2]

Our decision in the companion case details the facts and procedural history of this case. See id.,  .

On appeal, the defendant challenges, among other things, the trial court's denial of its motion for

---

[1]Underwood Towers Limited Partnership, CDC Management Corporation, Greystone Servicing Corporation, Inc., Mac-Gray Services, Inc., United Way of the Capital Area, Inc., and Xerox-Hartford Associates also were named as defendants. For convenience, we refer to the city of Hartford as the defendant.

[2]LPP Mortgage Ltd. commenced this foreclosure action in 2006. Thereafter, LPP Mortgage, Inc., was substituted as the plaintiff.

determination of priorities, in which it proposed a list of law days "to reflect [its] claim that the plaintiff lacks standing, or is otherwise not entitled, to foreclose its mortgage as to Note B." (Internal quotation marks omitted.) In support of its claim, like the defendants Underwood Towers Limited Partnership and CDC Management Corporation in the companion case, the defendant asserts that this court's decision in *Bank of New York Mellon* v. *Tope*, 345 Conn. 662, 286 A.3d 891 (2022), changed the law of standing, such that res judicata and the law of the case doctrine did not bar the defendant from reviving its claim that the plaintiff lacked standing to foreclose the mortgage. Guided by our decision in *LPP Mortgage Ltd.* v. *Underwood Towers Ltd. Partnership*, supra, 355 Conn. , in which we determined that *Tope* did not change the law, we conclude that the doctrine of res judicata precludes the defendant from revisiting the issue of the plaintiff's standing in the present case.[3] Accordingly, we affirm the judgment of the trial court.

The judgment is affirmed and the case is remanded for further proceedings according to law.[4]

In this opinion the other justices concurred.

--------

Accordingly, for convenience, we refer to the substitute plaintiff as the plaintiff throughout this opinion.

[3] Having concluded that the doctrine of res judicata applies, we need not determine whether the law of the case doctrine also precludes the defendant from relitigating its standing claim.

[4] See *Wahba* v. *JPMorgan Chase Bank, N.A.*, 349 Conn. 483, 508 n.10, 316 A.3d 338 (2024).